IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Sean Roberts, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:06cv485 |
| | § | |
| McKinney Housing Authority, | § | |
| Defendant. | § | |

Plaintiff Sean Roberts' Original Complaint

Plaintiff Sean Roberts alleges:

1. This is an action brought by Roberts to enforce the provisions of 28 U.S.C. §2101(c), (f).

2. This Court has jurisdiction of the action under 28 U.S.C. §§1331 and 1343.

3. The defendant McKinney Housing Authority is a municipal corporation or political subdivision of the City of McKinney created under authority of Chapter 392 of the Texas Local Government Code. It is located in Collin County in the Eastern Federal Judicial District of Texas, and its offices are at 1200 North Tennessee Street, McKinney, Texas, 75069. Under Texas state law, the defendant McKinney Housing Authority may sue and be sued in its own name. Tex. Loc. Gov't Code §392.065. Further, it is a federally funded agency awarded annual grants via the Federal Capital Fund Program.

4. The defendant McKinney Housing Authority ("Authority") sued tenant Roberts for possession of premises of Roberts' apartment located at 206 Amscott Parkway, #167, McKinney, Texas, 75069 which the Authority owns and manages. The suit against Roberts, *McKinney Housing Authority v. Sean Roberts*, Cause No. 005-996-05, was prosecuted by lead counsel for the Authority, Sharon M. Easley (TX Bar No. 06358440), before the Honorable Greg Brewer, judge of the Fifth County Court at Law located at 1800 North Graves, McKinney, Texas, 75069. Judge Brewer rendered judgment against Roberts on May 6, 2005 and Roberts subsequently appealed said judgment to the Texas Supreme Court.

5. On November 9, 2006 while Roberts' motion for rehearing was pending in the Texas Supreme Court, the Authority via its lead counsel, Sharon Easley, sent a written correspondence stating its intentions to execute the appealed judgment on or after November 30, 2006 notwithstanding the pending or ongoing appellate process, and the

relevant and controlling original writ of supersedeas. A copy of the November 9th letter is attached to this complaint.

    6. Since the Texas state appellate courts have dismissed his appeal, Roberts is appealing the state trial court judgment rendered against him by Judge Brewer to the United States Supreme Court via a petition for writ of certiorari arguing the denial of Due Process pursuant to the Seventh Amendment of the United States Constitution.

    7. Title 28 of the United States Code §2101(c), (f) clearly mandates Roberts' civil rights regarding requesting the U.S. Supreme Court to review the judgment of a state court rendered via the denial of Roberts' Due Process Rights and acquired through extrinsic and intrinsic fraud and misrepresentation of fact. Roberts' affidavit attesting to lead counsel Sharon Easley's unethical behavior before and during the trial of May 6, 2005, and possibly criminal behavior, is also attached to this complaint as Exhibit D.

    8. The actions of the defendant Authority and its lead attorney, Sharon Easley, described above and in the attachments constitute:

    (a) a pattern and practice of collusive discrimination, retaliation, and intimidation exercised by the Authority and its counsel against Roberts, a person of meager political and economic power attempting to address violations of Housing Civil Rights and to appeal Due Process abridgements occurring within an extraordinarily politically biased Texas state court system;

    (b) a significant threat to Roberts' Constitutional Due Process and Civil Rights which raises an issue of general public importance;

    (c) behavior in violation of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§3601 et seq.; and

    (d) behavior of a possible criminal nature in violation of the Penal Code.

    9. The defendant Authority's conduct for at least two years culminating with its intention to execute the appealed trial court judgment during the appellate process as it is proceeding to the United States Supreme Court is commensurate with the pattern of behavior or *modus operandi* of the Authority to date, and such conduct was and is intentional, willful, and taken in a collusive effort to silence, intimidate, and retaliate against Roberts for struggling to defend his Civil Rights in the absence of legal representation during the previous two years.

WHEREFORE, plaintiff Sean Roberts prays that the Court enters Orders that:

1. Enjoin the defendant McKinney Housing Authority and its Board of Commissioners, their officers, employees, agents, successors, and attorneys, and all persons in active concert or participation with any of them, from enforcing or executing an order on judgment entered in writing by the Honorable Greg Brewer of the Fifth County Court at Law on May 31, 2005, in the case of *McKinney Housing Authority v. Sean Roberts*, Civil No. 005-996-05, evicting plaintiff Sean Roberts from his apartment at 206 Amscott Parkway, #167, McKinney, Texas, 75069;

2. Enjoin the defendant from taking any further actions to evict Roberts, until such time as this Court can hold a hearing and rule on plaintiff's motion for a preliminary injunction;

3. Appoint equitable legal counsel for plaintiff Roberts in order to protect his Civil Rights pursuant to the Constitution and the Fair Housing Act;

4. Initiate disciplinary proceedings vis-à-vis Sharon M. Easley's (TX Bar No. 06358440) conduct, in violation of Local Rule AT-3, during the prosecution of the eviction case against Roberts over the course of the last two years; and

5. Refer the aggravated perjury complaints to the Department of Justice for investigation and prosecution.

Plaintiff Sean Roberts further prays for such additional relief as the interests of justice may require.

Respectfully submitted,

By: *Sean Roberts*
Sean Roberts, Pro Se
206 Amscott Parkway, #167
McKinney, Texas 75069
Tel: 972.548.0137